# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-1874V

|  |  |
|---|---|
| BRIA BARRY, | Chief Special Master Corcoran |
| Petitioner, |  |
| v. | Filed: February 9, 2024 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, |  |
| Respondent. |  |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.*

*Rachelle Bishop, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 16, 2020, Bria Barry filed a petition[2] for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[3] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from the administration of an influenza (flu) vaccine on October 26, 2018. Amended Petition at 1.  On June 23, 2023, I issued a decision awarding

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Petitioner filed an amended petition on February 23, 2021. ECF No. 12.

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

damages to Petitioner, following briefing by the parties and expedited Motions Day argument by the parties. ECF No. 39.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $39,327.35 (representing $37,496.30 for fees and $1,831.05 for costs). Petitioner's Application for Attorneys' Fees and Costs, filed Nov. 15, 2023, ECF No. 46. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. ECF No. 47.

Respondent reacted to the motion on December 4, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 48. Petitioner has filed no reply but provided a missing receipt on February 8, 2024. ECF No. 49.

Having considered the motion along with the invoices and other proof filed in connection, I find a reduction in the amount of fees to be awarded appropriate, for the reason set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl.

Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through the end of 2023 are reasonable and consistent with our prior determinations, and will therefore be adopted. ECF No. 46 at 4-24. Regarding the number of hours billed, however, I deem the *total* amount of time devoted to briefing damages to be excessive. *See* Status Report, filed Sept. 14, 2022, ECF No. 30 (reporting an impasse in damages discussions); Petitioner's Memorandum in Support of Damages, filed Oct. 14, 2022, ECF No. 31; Petitioner's Reply to Respondent's November 17, 2022 Brief on Damages, filed Jan. 12, 2023, ECF No. 34; Hearing Minute Entry, dated May 30, 2023 (regarding the May 26, 2023 hearing). Petitioner's counsel expended approximately 27.3 hours drafting the brief in support of damages; and 6.0 hours drafting the reply brief, totaling 33.3[4] hours. ECF No. 46 at 9. In addition, drafting of the damages briefs involved the work of two attorneys, billing between $341 to $441 per hour, and thus suggesting some degree of unnecessary overlap/inefficiency compounding the excessive cost associated with this task.

My above calculation does not include time spent preparing the initial demand which would have informed this later work – 6.3 hours – and I am therefore awarding fees associated with that task in full.[5] Nor am I counting time spent communicating with Petitioner and preparing additional supporting documentation such as affidavits or signed declarations or preparing for or participating in the Expedited Motions Day hearing, which is also being awarded in full. *See,* e.g., ECF No. 46 at 19 (12/2/22 entry).

It is unreasonable for counsel to spend so much time briefing the issue of damages in this case, once the sum in question is calculated, and where the issues presented are

---

[4] This total is calculated as follows: 25.2 hours billed on 9/29/22, 9/20/22, 10/6/22, 10/11/22 (two entries), 10/12/22, 10/13/22, and 10/14/22 by Nathaniel Enos at a rate of $280; 5.5 hours billed on 1/11/23 and 1/12/23 by Nathaniel Enos at a rate of $320; 2.1 hours billed on 10/14/22 by Joseph Pepper at a rate of $415; and 0.5 hours billed on 1/12/23 by Christina Ciampolillo at a rate of $470.

[5] This time was billed by Nathaniel Enos, using an hourly rate of $280 and Patrick Kelly, using an hourly rate of $250, and results in $1,752.00 in attorney's fees. ECF No. 46 at 17-18.

not complex. I have identified numerous cases (which may reasonably be compared to time spent in this matter),[6] in which attorneys have accomplished this task in about half the time.[7] *See,* e.g., *Mulloy v. Sec'y of Health & Hum. Servs.*, No. 19-1396V (Nov. 6, 2023) (19.7 and 9.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Gao v. Sec'y of Health & Hum. Servs.*, No. 21-1884V (Oct. 25, 2023) (16.5 and 9.4 hours billed for drafting a damages brief and responsive damages brief, respectively); *Knasel v. Sec'y of Health & Hum. Servs.*, No. 20-1366V (Oct. 25, 2023) (11.5 and 13.6 hours billed for drafting a damages brief and responsive damages brief, respectively); *Langdon v. Sec'y of Health & Hum. Servs.*, No. 20-1311V (Oct. 25, 2023) (12.5 and 12.8 hours billed for drafting a damages brief and responsive damages brief, respectively); *Mantagas v. Sec'y of Health & Hum. Servs.*, No. 20-1720V (Oct. 17, 2023) (6.7 and 4.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Majerus v. Sec'y of Health & Hum. Servs.*, No. 20-1346V (Oct. 17, 2023) (11.0 and 4.6 hours billed for drafting a damages brief and responsive damages brief, respectively); *Cosden v. Sec'y of Health & Hum. Servs.,* No. 20-1783 (Aug. 8, 2023) (6.3 hours billed for drafting a damages brief); *Balch v. Sec'y of Health & Hum. Servs.*, No. 20-0872V (June 30, 2023) (18.7 hours billed for drafting a damages brief); *Kestner v. Sec'y of Health & Hum. Servs.*, No. 20-0025V (June 22, 2023) (6.00 and 4.10 hours billed for drafting a damages brief and responsive damages brief, respectively); *Juno v. Sec'y of Health & Hum. Servs.*, No. 18-0643V (June 14, 2023) (5.8 hours billed for drafting a damages brief); *Deutsch v. Sec'y of Health & Hum. Servs.*, No. 18-0527V (June 12, 2023) (7.4 and 4.4 hours billed for drafting a damages brief and responsive damages brief, respectively); *Edminister v. Sec'y of Health & Hum. Servs.*, No. 19-0184V (May 30, 2023) (15.3 and 3.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Aponte v. Sec'y of Health & Hum. Servs.*, No. 20-1031V (May 18, 2023) (6.9 hours billed for drafting a damages brief); *Gray v. Sec'y of Health & Hum. Servs.*, No. 20-1708V (May 18, 2023) (5 hours billed for drafting a damages brief); *Horky v. Sec'y of Health & Hum. Servs.*, No. 20-0239V (May 18, 2023) (5.8 hours billed for drafting a damages brief); *Thomson v. Sec'y of Health & Hum. Servs.*, No. 22-0234V (May 18, 2023) (9.5 and 2.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Rice-Hansen v. Sec'y of Health & Hum. Servs.*, No. 20-1338V (May 17, 2023) (12.9 and 6.1 hours billed for drafting a damages brief and responsive damages brief, respectively).

---

[6] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[7] These decisions can be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited Feb. 7, 2024).

The circumstances of this case did not warrant devoting so much time to damages briefing. The parties agreed upon the amount of past expenses, and the only area of dispute was the appropriate amount of compensation for Petitioner's past pain and suffering. *See Barry v. Sec'y of Health & Hum. Servs.,* No. 20-1874V, 2023 WL 4742421 (Fed. Cl. Spec. Mstr. June 23, 2023). And the parties' views differed by only $37,500.00 - Petitioner sought $125,000.00, and Respondent countered with $87,500.00. *Id.* at *4. However, the amount I ultimately awarded was closer to that proposed by Petitioner – supporting the *need* for damages briefing, and the hours billed were not as excessive as in other cases. *Id.* at *6; *see,* e.g., *Moreland v. Sec'y of Health & Hum. Servs.,* No. 18-1319V, 2023 WL 7104781 (Fed. Cl. Spec. Mstr. Aug. 31, 2023). Thus, I will reduce the hours billed by a lower amount than I otherwise would apply.

Of course, having prevailed in this case, a fees award is generally appropriate. *See Barry*, 2023 WL 4742421, at *6. But the Act permits only an award of a *reasonable amount of* attorney's fees. Accordingly, I will reduce the sum to be awarded for damages briefing (**a total of 33.3 hours, or $9,922.50)** by *twenty percent*. Such an across-the-board reduction (which I am empowered to adopt)[8] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $1,984.50.[9]**

## ATTORNEY COSTS

Petitioner has provided supporting documentation for all claimed attorney costs, except for $18.56 paid for postage and $0.10 for 1 page of in-house copying costs which I nevertheless will allow. ECF No. 46 at 23-51; ECF No. 49 at 4-5. And Respondent offered no specific objection to the rates or amounts sought. Therefore, I will award the amount of attorney's costs sought in full.

---

[8] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[9] This amount is calculated as follows: (25.2 hrs. x $280 x .20) + (5.5 hrs. x $320 x .20) + (2.1 hrs. x $415 x .20) + (0.5 hrs. x $470 x .20) = $1,984.50.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **I award a total of $37,342.85 (representing $35,511.80 for fees and $1,831.05 for costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Ronald Craig Homer.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[10]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[10] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.